UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL FOUST,

            Plaintiff,

    v.

AHMAD AHADZIA, et al.,

            Defendants.

No.  2:24-cv-0950 SCR P

ORDER AND FINDINGS AND
RECOMMENDATIONS

Plaintiff is a California prisoner proceeding without counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**PROCEDURAL HISTORY**

On March 27, 2024, plaintiff initiated this civil rights action.  In an order filed April 25, the previously assigned magistrate judge noted that plaintiff had not paid the filing fee or moved to proceed in forma pauperis ("IFP").  Plaintiff was ordered to pay the fee or file a motion to proceed IFP within thirty days.  (ECF No. 6.)  Plaintiff requested, and was granted, three extensions of time to file a motion to proceed IFP.  (ECF Nos. 9, 32, 44.)  In an order filed October 28, the court gave plaintiff one last opportunity to pay the fee or file a motion to proceed IFP and explain why he has not complied with the court's prior orders.  Plaintiff was warned that if he failed to timely file the necessary documents, this court would recommend this action be dismissed.  (ECF No. 51.)

1   In the October 28 order, the court also noted that plaintiff had filed over thirty documents

2   since he initiated this action.  Plaintiff was warned not to file any documents in this case besides a

3   motion to proceed in forma pauperis and that that any further inappropriate filings may be

4   considered independent grounds for recommending dismissal of this action.  Despite the court's

5   warning, plaintiff has, to date, filed eight additional documents.

6   Plaintiff has again filed copies of his trust account statement.  (ECF No. 54 at 3-12; ECF

7   No. 55.)  While plaintiff has not filed the application to proceed in forma pauperis, he does

8   explain that he has been ill and is disabled, dyslexic, and illiterate.  (ECF No. 60 at 4.)  Given

9   plaintiff's difficulties, this court will construe the trust account statements plaintiff has filed as a

10  motion to proceed in forma pauperis.

11  **IN FORMA PAUPERIS STATUTE**

12  The Prison Litigation Reform Act ("PLRA") permits the commencement and prosecution

13  of any suit without prepayment of fees by an incarcerated person who is unable to pay such fees.

14  However, the PLRA includes a "three strikes rule" that prevents incarcerated persons from

15  repeatedly filing meritless lawsuits:

16  [i]n no event shall a prisoner bring a civil action or appeal a judgment
    in a civil action or proceeding under this section if the prisoner has,
17  on 3 or more prior occasions, while incarcerated or detained in any
    facility, brought an action or appeal in a court of the United States
18  that was dismissed on the grounds that it is frivolous, malicious, or
    fails to state a claim upon which relief may be granted, unless the
19  prisoner is under imminent danger of serious physical injury.

20  28 U.S.C. § 1915(g).

21  This "three strikes rule" was part of "a variety of reforms designed to filter out the bad

22  claims [filed by prisoners] and facilitate consideration of the good."  Coleman v. Tollefson, 575

23  U.S. 532 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)).  If a prisoner has "three

24  strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he

25  meets the exception for imminent danger of serious physical injury.  See Andrews v. Cervantes,

26  493 F.3d 1047, 1052 (9th Cir. 2007).  To meet this exception, the complaint of a "three-strikes"

27  prisoner must plausibly allege that the prisoner was faced with imminent danger of serious

28  physical injury at the time his complaint was filed.  See Williams v. Paramo, 775 F.3d 1182, 1189

1  (9th Cir. 2015); <u>Andrews</u>, 493 F.3d at 1055.

2  **HAS PLAINTIFF ACCRUED THREE STRIKES?**

3  "A dismissal of a suit for failure to state a claim counts as a strike, whether or not with

4  prejudice." <u>Lomax v. Ortiz-Marquez</u>, 140 S. Ct. 1721, 1724-25 (2020)).  A review of cases

5  plaintiff previously filed in this court shows that at least four were dismissed for failure to state a

6  claim.[1]

7  • In <u>Foust v. Consumer Attorney Marketing Service</u>, No. 2:20-cv-2553 WBS JDP P (E.D.

8     Cal. Jan. 3, 2022), the court dismissed the case with prejudice for failure to state a claim.

9  • In <u>Foust v. Ogboona</u>, No. 2:20-cv-2229 JAM EFB P (E.D. Cal. May 21, 2021), the court

10     dismissed the case without prejudice for failure to state a claim.

11  • In <u>Foust v. San Joaquin Hospital</u>, No. 2:17-cv-1636 JAM AC P (E.D. Cal. May 31, 2018),

12     the court dismissed the case without prejudice for failure to exhaust, which was apparent

13     from the face of the complaint.  Failure to exhaust is typically an affirmative defense that

14     will not result in a § 1915(g) strike.  <u>El-Shaddai v. Zamora</u>, 833 F.3d 1036, 1043 (9th Cir.

15     2016).  When the failure is apparent on the face of the complaint, however, it subjects the

16     case to dismissal for a failure to state a claim, which does result in a strike.  <u>See id.</u> at

17     1044; <u>see also</u> <u>Goods v. City of Bakersfield Police Dep't</u>, No. 1:19-cv-0662-AWI-JLT,

18     2019 WL 5549901, at *6 (E.D. Cal. Oct. 28, 2019) (dismissal for failure to exhaust that

19     was apparent from the face of the complaint counts as a strike), <u>report and</u>

20     <u>recommendation adopted</u>, 2020 WL 3429793 (E.D. Cal. June 23, 2020).

21  • In <u>Foust v. Hardin Ins. Co.</u>, No. 2:17-cv-1227 JAM CKD P (E.D. Cal. Nov. 2, 2017), the

22     court dismissed the case where the original complaint was dismissed for failure to state a

23     claim and plaintiff failed to file amended complaint.  "[W]hen (1) a district court

24     dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave

25     to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal

26  ───────────

27  [1]  The court may take judicial notice of court filings.  <u>See</u> <u>Reyn's Pasta Bella, LLC v. Visa</u>, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."); Fed. R. Evid. 201.

28  3

1    counts as a strike under § 1915(g)."  <u>Harris v. Mangum</u>, 863 F.3d 1133, 1143 (9th Cir.

2    2017).

3          Based on the court's review of these prior cases, the undersigned finds that plaintiff has

4    brought an action on three or more prior occasions that count as strikes pursuant to 28 U.S.C.

5    § 1915(g).  Therefore, he may only proceed in forma pauperis if he plausibly alleges that he was

6    faced with imminent danger of serious physical injury at the time he filed the complaint.  <u>See</u>

7    <u>Williams</u>, 775 F.3d at 1189.

8                        **IMMINENT DANGER EXCEPTION**

9          The availability of the imminent danger exception turns on the conditions a prisoner faced

10    at the time the complaint was filed, not at some earlier or later time.[2]  <u>See</u> <u>Andrews</u>, 493 F.3d at

11    1053.  Imminent danger of serious physical injury must be a real, present threat, not merely

12    speculative or hypothetical.  To meet his burden under § 1915(g), an inmate must provide

13    "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct

14    evidencing the likelihood of imminent serious physical injury."  <u>Martin v. Shelton</u>, 319 F.3d

15    1048, 1050 (8th Cir. 2003).  "Vague and utterly conclusory assertions" of harm are insufficient.

16    <u>White v. Colorado</u>, 157 F.3d 1226, 1231-32 (10th Cir. 1998).  That is, the "imminent danger"

17    exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is

18    real and proximate."  <u>Lewis v. Sullivan</u>, 279 F.3d 526, 531 (7th Cir. 2002).

19          This court has reviewed plaintiff's complaint to determine whether he meets the imminent

20    danger exception.  In the complaint, plaintiff describes a single physical assault against him by a

21    medical doctor at the California Health Care Facility ("CHCF").  Plaintiff alleges that this doctor

22    hit him on the back of his right shoulder one time "in an abusive way" on an unspecified date.

23    ECF No. 1 at 3.  This is the only allegation of physical injury that the court can identify in

24    plaintiff's complaint.  The remainder of plaintiff's allegations focus on medical care issues that

---

25    [2] The court recognizes that there is a split of authority in this District concerning when the

26    imminent danger exception is assessed.  <u>See</u> <u>Stephen v. Montejo</u>, 2020 WL 3120004 at *2-*4
      (E.D. Cal. June 12, 2020) (collecting cases), <u>adopted by</u> 2020 WL 7023950 (E.D. Cal. Nov. 30,

27    2020).  Even assuming, for purposes of discussion, that the imminent danger exception applies at
      the time an amended complaint is filed, the court does not find any allegations of imminent

28    danger in plaintiff's first amended complaint.  <u>See</u> ECF No. 29.

did not endanger his health and substance abuse treatment.  There is no indication that plaintiff was in imminent danger at the time that he filed the complaint.

Based on this analysis, the court does not find that plaintiff meets the imminent danger exception.  As a result, the undersigned recommends that plaintiff's request for leave to proceed in forma pauperis be denied, and that he be granted thirty days in which to pay the filing fee to continue this action.

## PLAIN LANGUAGE SUMMARY

Since plaintiff is acting as his own attorney in this case, the court wants to make sure that the words of this order are understood.  The following information is meant to explain this order in plain English and is not intended as legal advice.

In deciding whether to allow you to proceed without paying the filing fee, the court has reviewed the prior cases that you filed.  Four of these prior cases count as "strikes" and there is no showing that you were in imminent danger of serious physical injury at the time you filed this case.  So it is recommended that you be required to pay the whole filing fee at one time if you want to proceed.

If you disagree with this recommendation, you have 21 days to explain why it is not correct.  Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."  The final decision will be made by the district judge assigned to your case.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.  Plaintiff's motions for a settlement conference (ECF Nos. 47, 48-49) are denied as premature.

2.  Plaintiff's motion to obtain audio/video evidence (ECF No. 62) is denied without prejudice as premature.  Plaintiff may file a formal discovery request for this evidence only after the court issues a discovery and scheduling order in this case.

3.  **In light of plaintiff's history of filing multiple and repetitious motions in this case, the court hereby limits plaintiff's pleadings to the filing of one set of Objections to these Findings and Recommendations.  Any additional pleadings filed during the pendency of the**

////

1 | **district judge's review shall be stricken from the docket as filed in violation of a court**
2 | **order.**
3 |        4.  The Clerk of Court shall randomly assign this matter to a district court judge.
4 |        IT IS FURTHER RECOMMENDED that:
5 |        1.  Plaintiff's request to proceed in forma pauperis be denied;
6 |        2.  Plaintiff be permitted thirty days in which to pay the $405 filing fee for this action;
7 |             and,
8 |        3.  Plaintiff be advised that his failure to pay the filing fee within the time provided will
9 |             result in the dismissal of this action.
10 |        These findings and recommendations are submitted to the United States District Judge
11 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty one days
12 | after being served with these findings and recommendations, any party may file written
13 | objections with the court and serve a copy on all parties.  Such a document should be captioned
14 | "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
15 | objections shall be served and filed within fourteen days after service of the objections.  The
16 | parties are advised that failure to file objections within the specified time may waive the right to
17 | appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
18 | DATED: January 15, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

6